UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――― x
BARBARA E. BERNARD, COURMANT : Civil Action No. 03-CV-4282(RMB)
AND WAPNER ASSOCIATES AND :
ROBERT SUTHERLAND, on behalf of : CLASS ACTION
themselves and all others similarly situated, :
: [PROPOSED] FINAL JUDGMENT AND *RMB*
Plaintiffs, : ORDER OF DISMISSAL
:
-against- :
:
UBS WARBURG LLC AND ANTON :
WAHLMAN, :
:
Defendants. :
―――――――――――――――――――― x

On the 25th Day of July, 2005,

A hearing having been conducted by the Court to determine (1) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated as of March 11, 2005 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Plaintiffs and Settlement Class Members against the Defendants in the Complaint now pending in this Court under the above caption (the "Litigation"), including whether the release of the Released Claims as to the Released Parties should be approved; (2) whether a judgment should be entered dismissing the Amended Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Settlement Class Members herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the proceeds of the settlement among the Settlement Class Members; and (4) whether and in what amount to award counsel for the Settlement Class fees and reimbursement of expenses;

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that Notice substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable who purchased the shares of Interspeed, Inc. ("Interspeed") during the period from January 3, 2000 through October 6, 2000, inclusive (the "Settlement Class Period"), and who suffered a loss as a result (except those persons or entities excluded from the definition of the Settlement Class), as shown by the records of UBS Warburg LLC, and Gilardi & Co. LLC, the Settlement Administrator in *In re: Interspeed Sec. Litig.*, No. 00-CV-12090-EFH at the addresses set forth in such records; and that a Summary Notice of the hearing substantially in the form approved by the Court was published once in the Wall Street Journal, distributed twice through PR Newswire and posted on the Internet pursuant to the specifications of the Court; and

The Court having considered and determined that the proposed settlement of the claims of the Settlement Class Members against the Defendants and the Released Parties, the Plan of Allocation, and the award of attorneys' fees and expenses requested, is fair and reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Stipulation, including the definitions contained therein, is incorporated by reference in this Final Judgment.

2. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, all Settlement Class Members, and the Defendants.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs

are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased or otherwise acquired the publicly traded shares of Interspeed from January 3, 2000 to October 6, 2000. Excluded from the Settlement Class are Defendants, officers and directors of UBS Warburg, LLC., as well as their families; Anton Wahlman's immediate family; any entity in which any Defendant has or had a controlling interest; the legal representatives, heirs, executors, successors or assigns of any such excluded party; and those members of the Settlement Class that timely and validly exclude themselves from the Settlement Class, which persons are listed on Exhibit 1 hereto.

5.      Notice of the pendency of this action as a class action and of the proposed settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Stipulation is approved as fair, reasonable and adequate, and the Settlement Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and conditions.

7. The Litigation is hereby dismissed with prejudice and without costs as against any of the Defendants and the Released Parties.

8. Upon the Settlement Effective Date, Plaintiffs, Settlement Class Members, Defendants and the successors and assigns of any of them are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Parties. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment.

9. Upon the Settlement Effective Date, each of the Defendants and Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Lead Counsel from all claims relating to or arising out of or connected with the institution, prosecution, assertion, settlement, or resolution of the Litigation and/or the Released Claims.

10. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered by any person or received against the Defendants or any of them as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of the facts alleged by Plaintiffs or any Settlement Class Member

or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Defendants;

    (b) offered by any person or received against the Defendants or any of them as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or any other wrongdoing by any Defendant; or

    (c) offered by any person or received against the Defendants or any of them as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of the Settlement, the Final Judgment, or the Proofs of Claim and Release as to the Defendants, Plaintiffs, or the Settlement Class Members.

  11. The Plan of Allocation submitted by Plaintiffs' Lead Counsel or any order regarding any attorneys' fees and expense application shall in no way disturb or affect this Final Judgment and shall be separate and apart from this Final Judgment.

12. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; and (d) the Settling Parties for purposes of construing, enforcing and administering the Stipulation.

13. The Court finds that, at all times in connection with the institution, prosecution, defense and resolution of the Litigation, no Settling Party violated the provisions of Fed. R. Civ. P. 11.

14. Without further order of the Court, the settling parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. In the event that the Settlement Effective Date does not occur, this Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

DATED: 8/9/05

RMB
THE HONORABLE RICHARD M. BERMAN
UNITED STATES SENIOR DISTRICT JUDGE

## UBS Warburg/Interspeed Securities
## Exclusion Schedule

| Name & Address | Number of Shares |
|---|---|
| Robert L. McCombs and Ethel L. McCombs/JT TEN<br>1349 Westview Drive<br>Garland TX 75040-7583 | 100 |
| Robert J. Binkele<br>73-061 El Paseo, Suite 210<br>Palm Desert, CA 92260 | 4,325 |