**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA E. BERNARD, COURMANT AND WAPNER ASSOCIATES AND ROBERT SUTHERLAND, on behalf of themselves and all other similarly situated,<br><br>                      Plaintiffs,<br>              -against-<br><br>UBS WARBURG LLC AND ANTON WAHLMAN,<br><br>                      Defendants. | NO. 03-CV-4282 (RMB)<br><br>**ORDER FOR DISTRIBUTION OF**<br>**SETTLEMENT FUND** |

Whereas, by order dated August 10, 2005, the Court approved the settlement of this securities fraud class action for $5,000,000 plus interest (the "Settlement Fund"); approved the Plan of Allocation of the Settlement Fund; and awarded attorneys fees and expenses;

Whereas, claims on the Settlement Fund in this case were due August 29, 2005, from members of the class, defined as:

> all persons or entities who purchased or otherwise acquired the publicly traded shares of Interspeed, Inc. ("Interspeed") from January 3, 2000 to October 6, 2000, inclusive and were damaged thereby. Excluded from the Settlement Class are Defendants, officers and directors of UBS Warburg, as well as their families; members of Anton Wahlman's immediate family; any entity in which Defendant has or had a controlling interest; the legal representatives, heirs, executors, successors or assigns of any such excluded party.

Whereas, as evidenced by the May 17, 2006 affidavit of Daniel J. Marotto (the "Marotto Affidavit") on behalf of the Claims Administrator, Gilardi & Co. LLC ("Gilardi"), (the Marotto Affidavit") 27,093 notices were mailed to potential class members identified from the records of

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/06

Interspeed shareholders that were compiled in connection with the administration of an earlier class action lawsuit, *In re Interspeed Sec. Litig.*, No. 00-CV 12060 (EHF) ("*Interspeed I*") which was brought against officers of the Company on behalf of investors who purchased Interspeed securities during the period of September 24, 1999 through October 6, 2000. Based upon requests Gilardi received from brokers who held customers' Interspeed shares in street name accounts, an additional 2,022 notices were mailed by Gilardi to potential class members.

Whereas a total of 1,693 claims were submitted in response to these notices. Of these, 972 claimants indicated that they had previously filed claims on the *Interspeed I* settlement. Pursuant to the Plan of Allocation, claimants in this action who had filed in the prior action did not have to submit any additional documentation. An additional 721 entirely new claims were filed.

Whereas, Gilardi has determined that 995 claims were properly documented. Recognized Losses under the Court-approved Plan of Allocation for these claims total $5,328,761. A list of these claims, and the amounts recognized, are set forth in Exhibit A to the Marotto Affidavit.

Whereas Gilardi determined that many claims were inadequately documented, or otherwise failed to qualify for distribution, Gilardi undertook to notify each such deficient claimant, who was thereupon given ample opportunity to cure the defects. A list of the claims recommended for rejection are set forth in Exhibit B to the Marotto Affidavit.

Whereas, pursuant to a contract dated March 8, 2005, Gilardi agreed to charge a flat fee of $25,000 to set up the claims processing support (including the software application adapted to the Plan of Allocation); $12.50 per claim for newly submitted claims; $6.25 per claim activated from claims filed in the prior case; plus $2.00 per check actually issued. It was also agreed that since

claims were based on transactions that took place over five years ago, a separate budget based on hourly rates was warranted for handling phone inquiries and claims work.

Whereas, as detailed in the Marotto Affidavit, consistent with the terms of the Stipulation of Settlement dated March 11, 2005, and the Preliminary Order of Approval dated April 12, 2005, Gilardi has been reimbursed to date $74,228 for notice related costs, plus $11,799 for claims administration related costs. As further detailed in the Marotto Affidavit, based upon claims processed, costs incurred for phone inquiries, tax returns prepared, checks to be issued, and a $6,000 reserve for potential future work (including filing of tax returns, phone inquiries and tracing returned checks), the balance due Gilardi for all its services and expenditures totals $55,024.

Whereas, as of May 19, 2006, the Settlement Fund currently had $3,715,972.48 available for disbursement.

**IT IS HEREBY ORDERED THAT**:

1. The claims set forth in Exhibit A to the Marotto Affidavit are hereby allowed in the amounts set forth therein.

2. The claims set forth in Exhibits B of the Marotto Affidavit are hereby rejected.

3. The Court hereby awards Gilardi $55,024 in fees and expenses to be paid from the Settlement Fund. To the extent the $6,000 reserve for anticipated future expenses is not expended, it will be included in any redistribution of settlement funds, to the extent possible.

4. The Court hereby authorizes Gilardi to compute each eligible claimant's pro rata share of the remaining Settlement Fund, and issue checks in said amounts to the claimants immediately.

Dated: 8/15/06

On Consent

/s/ RMB
Hon. Richard M. Berman